**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **MINNIE RICHARDSON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:26-cv-00131-O-BP** |
| | § | |
| **TEXAS HEALTH AND HUMAN SERVS. COMM'N, *et al*.,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Motion to Dismiss for Lack of Jurisdiction that the Texas Health and Human Services Commission ("HHSC") filed on June 9, 2026 (ECF No. 19) and the Response and Objection that *pro se* Plaintiff Minnie Richardson ("Richardson") filed on June 30, 2026 (ECF No. 25). After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Reed O'Connor **GRANT** the Motion (ECF No. 19) and **DISMISS** Richardson's claims against HHSC **without prejudice** for lack of subject matter jurisdiction.

## I. BACKGROUND

This case concerns Richardson's rejected applications for state Medicaid benefits. In April 2024, HHSC requested additional documentation from Richardson regarding her application for benefits. ECF No. 4 at 3. After she did not provide the requested documentation by the June 2024 deadline, HHSC denied her Medicaid application for "failure to provide documentation." *Id.* Richardson submitted additional applications to HHSC in September 2024, October 2024, and June 2025. *Id.* She alleges that HHSC never processed the first two applications that it again denied the third application for "failure to provide documentation." *Id.* at 3-4. Richardson claims HHSC

staff "admitted the agency failed to act and failed to properly administer the applications," and they "refused to issue a written response or take corrective action" after "multiple calls, complaints, and escalation efforts." *Id.* at 4.

Richardson did not avail herself of the administrative procedures and judicial remedies under Texas law to challenge HHSC's actions. Instead, she sued HHSC on February 5, 2026, alleging denial of due process under 42 U.S.C. § 1983, violations of federal Medicaid standards under 42 U.S.C. § 1396a(a)(3), and tort claims for elder abuse and neglect and gross negligence. *Id.* at 4-5. Richardson seeks an order immediately reinstating her Medicaid benefits retroactive to September 2024, setting a compliance hearing, appointing of an HHSC compliance supervisor, prohibiting retaliation, and $1,000,000 in damages. *Id.* at 5.

HHSC moves to dismiss Richardson's Complaint, asserting that the Court lacks subject matter jurisdiction for two reasons. First, it asserts that the Court does not have the authority to review HHSC's administrative decision regarding Richardson's benefits application, and second, it claims the Eleventh Amendment affords HHSC immunity from suit. ECF No. 19 at 6-8. In her response, Richardson asserts the Court has federal-question jurisdiction over the case because the Complaint expressly invokes violations of her rights under § 1983 and the Medicaid Act. ECF No. 25 at 3-4. Additionally, Richardson claims that the *Ex Parte Young* exception overcomes HHSC's sovereign immunity because she requests reinstatement of benefits and an emergency compliance hearing as prospective injunctive relief. *Id.* at 4. Finally, Richardson maintains that the Complaint, either liberally construed or with proper amendment, constitutes a suit against a state official in his official capacity sufficient to satisfy the *Ex Parte Young* exception and form the basis of her § 1983 claim. *Id.* at 4-5.

## II. LEGAL STANDARDS

**A. Rule 12(b)(1) Standard**

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint based on lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Because "[f]ederal courts are courts of limited jurisdiction[, t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). If a Court lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3). In determining whether subject matter jurisdiction exists, a court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *CleanCOALition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). This "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* Dismissal for lack of subject matter jurisdiction "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.*

**B. *Pro se* Standard**

The Court subjects a *pro se* party's pleadings to less rigid analysis than those of a party represented by counsel. "[A] *pro se* complaint, 'however inartfully pleaded,' must be held to 'less

stringent standards than formal pleadings drafted by lawyers.'" *Estelle*, 429 U.S. at 106. However, "even a liberally-construed *pro se* . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Tex. at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825-26 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to state a claim for relief." *Masika Brown Ray v. Anthony Boone*, No. 24-40169, 2024 WL 4372692, *1 (5th Cir. 2024) (citing *Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 309 (5th Cir. 2017)).

### C. *Rooker-Feldman* Doctrine

Under the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction to entertain collateral attacks on state court judgments." *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994); *see generally Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). The doctrine invokes 28 U.S.C. § 1257 in limiting federal judicial review of state court judgments to the United States Supreme Court by writ of certiorari. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005). The rationale is "federal district court[s], as court[s] of original jurisdiction, lack[ ] appellate jurisdiction to review, modify, or nullify final order[s] of state court[s]." *Liedtke*, 18 F.3d at 317 (quoting *Kimball v. Fla. Bar*, 632 F.2d 1283, 1284 (5th Cir. 1980)).

*Rooker-Feldman* does not apply, however, until "a party suffer[s] an adverse final judgment rendered by a state's court of last resort." *Gross v. Dannatt*, 736 F. App'x 493, 494 (5th Cir. 2018) (quoting *Ill. Cent. R.R. Co. v. Guy*, 682 F.3d 381, 390 (5th Cir. 2012)). A party

proceeding in Texas state court suffers such a judgment if the Texas Supreme Court disposes of that party's petition for review of a state court decision. *Compare id*. at 495 (*Rooker-Feldman* did not apply because petition for review was pending before Texas Supreme Court), *with Batista v. Carter*, No. H-19-113, 2019 WL 1586773, at *3 n.7 (S.D. Tex. Apr. 12, 2019) (citing *Gross*, 736 F. App'x at 494) (*Rooker-Feldman* applied because Texas Supreme Court had denied petition for review), *aff'd*, 796 F. App'x 209 (5th Cir. 2020); *see also* Tex. R. App. P. 53.1 (discussing petitions for review). If applicable, *Rooker-Feldman* prohibits the losing party in state court from suing in federal district court to overturn the state court decision, as federal judicial review then rests solely with the United States Supreme Court. *Exxon Mobil Corp*., 544 U.S. at 291.

**D. Eleventh Amendment Immunity**

Under the Eleventh Amendment of the Constitution, states may not be sued in federal court unless they unequivocally consent to the suit or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984). The Eleventh Amendment also bars § 1983 claims against agencies of a state or officials sued in their official capacities. *Fox v. Mississippi*, 551 F. App'x 772, 774-775 (5th Cir. 2014) (citing *K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010)).

But there are three possible exceptions to Eleventh Amendment sovereign immunity: (1) for claims seeking injunctive or declaratory relief against a state official under *Ex Parte Young*, 209 U.S. 123 (1908); (2) a state's waiver or consent, *Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261, 267 (1997); and (3) Congress's abrogation of the state's immunity through section 5 of the Fourteenth Amendment, *Bd. of Trs. of Univ. of Ala. v. Garrett,* 531 U.S. 356, 364 (2001).

*Young* allows only the granting of "prospective injunctive relief to prevent a continuing violation of federal law" against state officers in their official capacities and does not allow

damages or other retrospective relief. *Green v. Mansour*, 474 U.S. 64, 68 (1985). "Determining if the exception applies involves 'a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Spec's Fam. Partners, Ltd. v. Nettles*, 972 F.3d 671, 680 (5th Cir. 2020) (quoting *Va. Off. for Protection & Advocacy v. Stewart*, 563 U.S. 247, 255 (2011) (cleaned up)).

Sovereign immunity is a jurisdictional bar. *See Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021). "Because sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice." *Warnock v. Pecos Cnty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996).

## III. ANALYSIS

### A. The *Rooker-Feldman* doctrine does not apply to review of state agency action.

To the extent that Richardson asks the Court to review the denial of her Medicaid application, HHSC argues that the Court lacks jurisdiction to review a state administrative decision "unless expressly authorized." ECF No. 19 at 6. HHSC claims that "when the 'injury' the plaintiff alleges is the state agency's decision itself," the Court lacks subject-matter jurisdiction "because only the United States Supreme Court may review such decisions." *Id.* HHSC's characterization of the *Rooker-Feldman* doctrine to these circumstances is overbroad and does not apply in this case.

The Supreme Court has emphasized that the *Rooker-Feldman* doctrine is narrow and "is confined . . . to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Truong v. Bank of America, N.A.*, 717 F.3d 377, 382 (5th Cir. 2013) (quoting *Exxon Mobil Corp.*, 544 U.S. at 284) (internal quotations omitted). The narrow scope of the doctrine limits its application only to circumstances where a plaintiff

challenges a state court decision in federal court. *Id.* It "does not prohibit a district court from reviewing non-state-court decisions." *Id.* This includes the review of state agency action. *Ledet v. Louisiana through Dep't of Pub. Safety & Corr.*, 2025 WL 818281, at *3 n.3 (5th Cir. Mar. 14, 2025) ("To be sure, a plaintiff may directly challenge a state agency's action in federal court, where federal law permits them to do so."); *see also Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002) ("The doctrine has no application to judicial review of executive action, including determinations made by a state administrative agency.")

HHSC also asserts that Richardson "failed to pursue any administrative appeals or state judicial review" before going straight to federal court to file this suit. ECF No. 19 at 6. But exhaustion of state administrative remedies is not a prerequisite to a § 1983 suit, and § 1983 "contains no exhaustion requirement beyond what Congress has provided." *Patsy v. Bd. Of Regents of Fla.*, 457 U.S. 496, 516 (1982); *Heck v. Humphrey*, 512 U.S. 477, 483 (1994). Thus, neither state administrative exhaustion requirements nor the *Rooker-Feldman* doctrine prevents Richardson from challenging HHSC's actions in this Court.

**B. Eleventh Amendment sovereign immunity bars Richardson's claims.**

Notwithstanding the inapplicability of administrative exhaustion and the *Rooker-Feldman* doctrine, the Court should dismiss Richardson's claims because the Eleventh Amendment bars them. Richardson sues HSSC, a state agency, for violating her due process rights under § 1983, violating 42 U.S.C. § 1396a(a)(3), and for committing torts of elder abuse and neglect and gross negligence. *See* ECF No. 4 at 4-5. But states and state agencies are not "persons" whom plaintiffs may sue under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66-67 (1989). Likewise, state agencies are immune from suit in federal court unless the state waives that immunity or Congress explicitly abrogates state immunity from suit. *Pennhurst,* 465 U.S. at 99-

100; *Garrett,* 531 U.S. at 364. Here, neither the State of Texas nor the Congress have waived HHSC's immunity from suit. Thus, the Eleventh Amendment bars all of Richardson's claims.

Richardson tries to overcome HHSC's sovereign immunity defense by invoking the *Ex Parte Young* exception, which permits a plaintiff to sue a state official in his official capacity for prospective, injunctive relief. *See Ex Parte Young*, 209 U.S. 123 (1908); *McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 412-13 (5th Cir. 2004). In her Complaint, Richardson seeks relief she categorizes as injunctive relief, as well as compensatory damages from HHSC. ECF No. 4 at 5. But even if the relief Richardson requests qualifies as prospective injunctive relief, she does not seek that relief against a state official acting in an official capacity.

Richardson asserts that the Court should construe her Complaint to seek relief against the appropriate state officials or alternatively grant her "leave to amend the Complaint to explicitly name the Executive Commissioner of HHSC in their official capacity to cure any Eleventh Amendment defect[s]." ECF No. 25 at 5. However, on July 13, 2026, the Court ordered Richardson to file an amended complaint, affording her the opportunity to cure any defects raised in the Motion to Dismiss. ECF No. 27. Richardson did not comply with the Court's order and amend her Complaint, leaving HHSC as the named defendant in her suit. Thus, the undersigned determines that she has stated her best, though legally insufficient, case against HHSC in her Complaint.

Typically, the Court would decline to exercise supplemental jurisdiction over Richardson's state law claims after determining it does not have original jurisdiction over the federal claims. *See* 28 U.S.C. § 1367(c)(3); *Parker & Parsley Petroleum Co. v. Dress Indus.*, 972 F.2d 580, 585 (5th Cir. 1992). But the Supreme Court held in *Raygor v. Regents of Univ. of Minn.* that Congress did not abrogate states' Eleventh Amendment immunity for state law claims when it enacted 28 U.S.C. § 1367. 534 U.S. 533, 541-42 (2002) ("[W]e cannot read § 1367(a) to authorize district courts to

exercise jurisdiction over claims against nonconsenting states . . . ."). Therefore, the Eleventh Amendment bars Richardson's federal and state law claims against HHSC in federal court, and the Court should dismiss Richardson's Complaint without prejudice so that she can pursue her claims in an appropriate state forum.

## IV. CONCLUSION

Because the Court lacks subject matter jurisdiction over Richardson's federal and state law claims against HHSC, the undersigned **RECOMMENDS** that Chief United States District Judge Reed O'Connor **GRANT** HHSC's Motion (ECF No. 19) and **DISMISS** Richardson's claims against HHSC without prejudice under Fed. R. Civ. P 12(b)(1).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on September 22, 2026.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE