**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **MINNIE RICHARDSON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:26-cv-00131-O-BP** |
| | § | |
| **TEXAS HEALTH AND HUMAN SERVS. COMM'N, *et al*.,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* Plaintiff Minnie Richardson filed this case on February 5, 2026. ECF No. 4. On April 15, 2026, the Court ordered her to serve Defendants within 90 days of the filing of her complaint as Rule 4(c) of the Federal Rules of Civil Procedure provides. ECF No. 15. After ninety days passed, Richardson had not served any Defendants. *See* ECF No. 17. Accordingly, the Court ordered her to "serve each defendant with a Summons and Complaint on or before June 14, 2026." *Id.* The Court warned Richardson that failure to comply with the Court's Order might result in the Court recommending dismissal of this action without further notice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. *Id.*

Under Rule 4(m),

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Richardson properly served Defendant Texas Health and Human Services Commission ("HHSC") but did not serve the second defendant, "Department of Elderly Services (DOES) 1-20." There is a good reason why Richardson could not serve the "Department of Elderly Services" since there is no state agency or department within HHSC called the "Department of Elderly Services." The Court takes judicial notice of that fact. *See* Fed. R. Evid. 201. Additionally, the Complaint identifies "DOES 1-20" as "HHSC employees and agents whose identities are presently unknown." ECF No. 4 at 2. But the Complaint does not contain any facts from which the Court could identify any of these unknown defendants. *Id*.

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The deadline for Richardson to serve the unidentified defendants and thereby comply with the Court's order has long passed. To this date, Richardson has not complied with the Court's order, sought an extension of time to do so, or otherwise attempted to cure her service deficiency. Because Richardson did not properly serve "Department of Elderly Services (DOES) 1-20" by June 14, 2026, despite an order to do so, any claims against them are subject to dismissal for failure to timely serve, for failure to comply with a court order, and for lack of prosecution under Rules 4(m) and 41(b).

For the foregoing reasons, the undersigned **RECOMMENDS** that Chief United States District Judge Reed O'Connor **DISMISS WITHOUT PREJUDICE** Richardson's claims against Defendant Department of Elderly Services (DOES) 1-20 pursuant to Fed. R. Civ. P. 4(m) and 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on September 22, 2026.

Hal R. Ray, Jr.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE